UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

OTIS WILLIAM O'QUINN, ET AL

VERSUS

SID GAUTREAUX, III, ET AL

CIVIL ACTION

NUMBER 14-98-BAJ-SCR

**RULING ON MOTION TO STAY DISCOVERY PENDING APPEAL**

Before the court is the Motion to Stay Discovery Pending Appeal filed by defendants East Baton Rouge Parish Sheriff Sid J. Gautreaux, III, East Baton Rouge Parish Prison Warden Dennis Grimes, Lt. D. Barrick, Cpl. Matthew Shumate, Lt. LaMotte and Cpl. Grant (collectively, "EBR Sheriff Defendants"). Record document number 39. Plaintiffs filed an opposition.[1]

The EBR Sheriff Defendants sought a stay of all discovery as to them pending the outcome of their appeal from the Ruling and Order issued March 31, 2015.[2] Plaintiffs argued that the EBR Sheriff Defendants' appeal is invalid, and even if it is not it has little chance of success. Plaintiffs also argued that even if this court no longer has jurisdiction over the claims against the EBR Sheriff Defendants in their individual capacities, the case may proceed on the claims against any of these defendants sued in their

---

[1] Record document number 42.

[2] Record document number 33, Ruling and Order denying the EBR Sheriff Defendants' Motion to Dismiss, without prejudice to reasserting their qualified immunity defense at a later stage of the proceedings.

official capacity, and therefore discovery should be allowed as to such defendants.

Essentially for the reasons argued by the EBR Sheriff Defendants, their motion has merit. As these defendants correctly argued, generally the denial of a qualified immunity defense is immediately appealable.[3] That is so here because the defense was raised in a Rule 12(b)(6), Fed.R.Civ.P., motion which requires the court to accept the well-pleaded factual allegations as true and then decide the legal issues.[4] As to these defendants sued in their individual capacity, if they are entitled to qualified immunity that immunity includes not only immunity from liability but also relieves them of the burden of discovery. The Ruling and Order denied the EBR Sheriff Defendants' Motion to Dismiss, and in places stated that the plaintiffs' allegations were sufficient to warrant additional discovery relevant to claims which are subject to the qualified immunity defense.[5] The ruling left open the

---

[3] Court of appeals has jurisdiction to review district court's interlocutory denial of qualified immunity defense only "to the extent that the appeal turns on an issue of law." *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012) (internal quotation marks and citations omitted)(interlocutory denial of motion for summary judgment); *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008) (interlocutory denial of motion to dismiss).

[4] *Brown*, 519 F.3d at 236.

[5] Record document number 33, pp. 12, 13, 15-16. An order permitting discovery in a case where a qualified immunity defense is asserted must follow the two-step procedure mandated by the Fifth Circuit Court of Appeals. *Zapata v. Melson*, 750 F.3d 481,
(continued...)

possibility of raising the defense again should discovery reveal additional facts that support the plaintiffs' claims.

The foregoing discussion is not a reevaluation of the merits of the defendants' qualified immunity defense or any kind of prediction as to the merits of the defendants' appeal. Rather, it is to explain why the plaintiff's argument that the EBR Sheriff Defendants' appeal is invalid or meritless is unpersuasive. In the circumstances here, it cannot be said that their appeal is so obviously lacking that discovery as to EBR Sheriff Defendants should be allowed to proceed notwithstanding their appeal.[6]

There is no practical way of protecting the EBR Sheriff Defendants sued in their individual capacity from the burdens of discovery while allowing the plaintiffs to pursue discovery from

---

[5](...continued)
485 (5th Cir. 2014). First, the district court must determine that the plaintiff's well-pleaded facts, taken as true, would overcome the qualified immunity defense. Second, "if the court is unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* at 485. Such an order must identify any questions of fact that need to be resolved before the court would be able to determine whether the defendant is entitled to qualified immunity. *Id.* Such a discovery order may be issued before ruling on a motion to dismiss. *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 997, n. 27 (5th Cir. 1995). A discovery order which does not fulfill both steps of the analysis may be reviewed on appeal. *See, Zantiz v. Seal*, 602 F.Appx. 154 (5th Cir. 2015).

[6] A defendant whose motion to dismiss based on qualified immunity is denied is still entitled to the application of *Zapata*'s second step limiting discovery, if the court did not also determine whether the defense would fail on summary judgment. *Zantiz*, 602 F.Appx. at 163, n. 8

them insofar as they were sued in their official capacity. Suing the EBR Sheriff Defendants in their official capacity is equivalent to suing the agency they work for, i.e. the East Baton Rouge Parish Sheriff. The sheriff was sued in his official capacity, too. And the Ruling and Order found that the plaintiffs sufficiently pled claims that allow for discovery regarding "municipal liability" from Sheriff Gautreaux in his official capacity.[7] Therefore, pursuant to the Ruling and Order, discovery may proceed against Sheriff Gautreaux insofar as he was sued in his official capacity.

Lastly, after this motion was filed the plaintiffs and the EBR Sheriff Defendants filed a Joint Notice of Settlement and sought entry of an order of conditional dismissal.[8] The notice did not indicate whether these parties had reached any agreement regarding disposition of this motion, or seeking discovery from the EBR Sheriff Defendants, or the defendants' appeal. Therefore, this ruling is not intended to trump any agreement reached by these parties regarding discovery from defendant Sheriff Gautreaux or any of the other EBR Sheriff Defendants.

Accordingly, Motion to Stay Discovery Pending Appeal filed by

---

[7] Record document number 33, p. 16. This aspect of the Ruling and Order also applied to defendant Warden Grimes. However, as stated, suing him in his official capacity is just another way of suing the agency he works for, i.e. the East Baton Rouge Parish Sheriff. Consequently, because Sheriff Gautreaux was sued in his official capacity, also suing Warden Grimes in his official capacity is superfluous and unnecessary.

[8] Record document number 44.

defendants East Baton Rouge Parish Sheriff Sid J. Gautreaux, III, East Baton Rouge Parish Prison Warden Dennis Grimes, Lt. D. Barrick, Cpl. Matthew Shumate, Lt. LaMotte and Cpl. Grant is granted in part. The motion is granted as to all discovery sought by the plaintiffs from these defendants insofar as they were sued in their individual capacity. The motion is also granted as to all discovery sought by the plaintiffs from these defendants, except Sheriff Gautreaux, insofar as they were sued in their official capacity. The motion is denied as to discovery sought by the plaintiffs from defendant Sheriff Gautreaux insofar as he was sued in his official capacity. However, this ruling does not supercede or negate any agreement between the plaintiffs and defendant Sheriff Gautreaux, or any of the other EBR Sheriff Defendants, which may have been made as part of the settlement of the claims between the plaintiffs and the EBR Sheriff Defendants.

Baton Rouge, Louisiana, June 18, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE