UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

OTIS WILLIAM O'QUIN, ET AL.                          CIVIL ACTION

VERSUS

SID J. GAUTREAUX, III, ET AL.              NO.: 14-00098-BAJ-EWD

## RULING AND ORDER

Before the Court is a **Motion for Judgement on the Pleadings (Doc. 56)** filed by Defendants Officer Heather Anderson, the Baton Rouge City Police Department, and the East Baton Rouge Parish City Government (collectively, "Defendants"). Plaintiffs Otis William O'Quin and Shannon Wingo and the Estate of Sharon Balser (collectively, "Plaintiffs") have filed a memorandum in opposition (Doc. 57), to which Defendants have replied (Doc. 62). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. For the reasons explained herein, Defendants' motion is **GRANTED**.

## I.   BACKGROUND

On February 13, 2013, David O'Quin ("David") was arrested for disturbing the peace and placed in the East Baton Rouge Parish Prison. (*See* Doc. 6 at ¶¶ 14, 46). David was, at the time, "bi-polar," "schizo-affective," and a "paranoid schizophrenic." (*Id.* at ¶ 10). He had, since 2001, "been committed to several mental institutions throughout Louisiana, Texas, California, and Mexico. He had also been jailed numerous times for petty misdemeanor charges." (*Id.* at ¶ 11).

1

When David's father, Plaintiff Otis William O'Quin ("Bill O'Quin"), became aware of his son's incarceration, he called the prison in order to ensure that all prison personnel were aware of David's medical problems. (*See id.* at ¶ 23). The fear, of course, was that David could, if left off of his medication, become "a danger to himself and . . . others." (*Id.* at ¶ 12).

Unfortunately, Bill O'Quin's efforts proved futile. Thirteen days after David's arrest, he was found dead in his cell. (*See id.* at ¶¶ 14, 41). Plaintiffs allege that throughout the course of his confinement, David "was left restrained in a chair, largely unmedicated, dehydrated, beaten and abused by prison guards . . . ." (*Id.* at ¶ 33). His autopsy revealed "blunt force injuries to head, torso and distal extremeties [sic], abrasions of wrists and lower legs with central purulence, [and] inflammatory thrombi of deep veins leading to acute respiratory failure and death." (*Id.* at ¶ 45).

David's parents, Bill O'Quinn and Sharon Balser,[1] later filed this lawsuit seeking damages from multiple defendants, (*see* Doc. 6), many of whom have now settled, (*see* Doc. 51). Remaining Defendants now move for what amounts to a partial[2] judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). Plaintiffs' claims arise under the Fourteenth Amendment, Title II of the Americans

---

[1] Sadly, Sharon Balser died on May 28, 2015. *See* Doc. 43 at ¶ 1. Ms. Balser was divorced at the time of her death and is survived by one daughter, Shannon Wingo. *Id.* at ¶ 2. Accordingly, Shannon Wingo and the Estate of Sharon Balser were substituted as plaintiff for Sharon Balser. *See* Doc. 50.

[2] Defendants assert that Plaintiffs' Second Amended Complaint is "completely silent" as to the existence of an official municipal policy or custom. *See* Doc. 56-1 at pp. 2—3. However, "an official policy" is not an element of Plaintiffs' ADA and RA claims. *See Delano-Pyle v. Victoria Cty., Tex.*, 302 F.3d 567, 575 (5th Cir. 2002). Accordingly, the Court finds that Plaintiffs' ADA and RA claims against the East Baton Rouge Parish City Government remain pending, *see* Doc. 6 at ¶¶ 2, 69—70, 73, as Defendants have not cited any case law warranting their dismissal.

with Disabilities Act ("ADA"), 42 U.S.C. § 12132, the Rehabilitation Act ("RA"), 29 U.S.C. § 794, and various articles of the Louisiana Civil Code. (*See* Doc. 6 at ¶¶ 3, 47, 64—65, 69—70, 73, 82).

## II.   STANDARD OF REVIEW

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Accordingly, to defeat a Rule 12(c) motion for judgment on the pleadings, the complaint must (a) state a claim upon which relief can be granted, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and (b) provide the Court with sufficient factual content from which "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When evaluating a Rule 12(c) motion, the Court accepts all well-pleaded facts as true and views them in a light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

## III.   DISCUSSION

### A.   Officer Heather Anderson

Plaintiffs' Second Amended Complaint (Doc. 6) mentions Officer Anderson three times. First, she is named as a defendant in ¶ 2, E. Second, she is accused of committing "intentional/gross and wanton acts" in ¶ 83. Third, Plaintiffs pray that she be "cited and served" in ¶ 91. What Officer Anderson did "to whom, when, where,

and why," *see Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev.*, 421 F.3d 1, 9 (1st Cir. 2005), the Court has no idea.

Plaintiffs assert that where the Second Amended Complaint refers to multiple defendants, it intended to allege that each of the named defendants committed the alleged acts. (*See* Doc. 57-1 at pp. 6—7). Take, for instance, ¶ 84, which reads, "Plaintiffs aver that defendants knew or were in a position to know of the pre-existing condition of David O'Quin and consciously chose to ignore his condition and further demean, demoralize, beat, trample and kill David O'Quin." Implicit therein, Plaintiffs assert, is the notion that Officer Anderson "knew or [was] in a position to know of the pre-existing condition of David O'Quin and consciously chose to ignore his condition and further demean, demoralize, beat, trample and kill David O'Quin."

While not unprecedented, *see Clapper v. Am. Realty Inv'rs, Inc.*, No. 3:14-CV-2970-D, 2015 WL 3504856, at *4 (N.D. Tex. June 3, 2015), Plaintiffs' argument is, when viewed in light of Plaintiffs' Second Amended Complaint, wholly unpersuasive. For instance, Plaintiffs assert in ¶ 67 of the Second Amended Complaint that "Defendants are public entities as defined under 42 USC [sic] 12131(1)(B)." 42 U.S.C. § 12131(1)(B) defines a public entity as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." Officer Anderson is obviously not a public entity.

Then, in ¶ 83, Plaintiffs assert that "Defendants are solidarily liable for the intentional/gross and wanton acts of Defendants Officer H. Anderson, Dr. Rorbert Blanche, Lieutenant D. Barrick, Sid Gautreaux, Corporal Matthew Shumate,

4

Lieutenant Lamotte, Corporal Grant." Apparently, the term "Defendants," in this paragraph, refers to everyone except Defendants Officer H. Anderson, Dr. Rorbert Blanche, Lieutenant D. Barrick, Sid Gautreaux, Corporal Matthew Shumate, Lieutenant Lamotte, and Corporal Grant.

Because "Defendants," in this case, means so many things, the Court cannot accept the "group pleading" that was permitted in *Clapper*. Accordingly, Defendants' **Motion for Judgement on the Pleadings (Doc. 56)** is **GRANTED** as to Officer Anderson.

### B.    Baton Rouge City Police Department

That the Baton Rouge City Police Department is not a legal entity capable of being sued, (*see* Doc. 56 at ¶ 1), is, at this point, well-established, *see Green v. New Orleans Police Dep't*, No. CIV.A. 12-1992, 2013 WL 5739076, at *3 (E.D. La. Oct. 22, 2013).

Accordingly, Defendants' **Motion for Judgement on the Pleadings (Doc. 56)** is **GRANTED** as to the Baton Rouge City Police Department.

### C.    East Baton Rouge Parish City Government

A municipality such as the East Baton Rough Parish City Government may be held liable under 42 U.S.C. § 1983 "for a deprivation of rights protected by the Constitution or federal law only if that deprivation is inflicted pursuant to an official, municipal policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). "Official policy is: (1) A policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an

official to whom the lawmakers have delegated policymaking authority; or (2) A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc).

Plaintiffs' Second Amended Complaint repeatedly utilizes the phrase "policies and procedures." (*See, e.g.,* Doc. 6 at ¶¶ 59, 86, 87). Nowhere, however, does it "identify the policy or custom"[3] to which it refers. *See Easter v. Caldwell*, No. CIV.A. 14-0967, 2015 WL 6506176, at *5 (W.D. La. Oct. 27, 2015). Without such information, the Court cannot "draw the reasonable inference that the" East Baton Rouge Parish City Government is liable under 42 U.S.C. § 1983. *See Iqbal*, 550 U.S. at 678.

Accordingly, Defendants' **Motion for Judgement on the Pleadings (Doc. 56)** is **GRANTED** as to the East Baton Rouge Parish City Government.

### D.    Should Plaintiffs' Be Afforded Leave to Amend?

Finally, Plaintiffs' request leave to file what would be a Third Amended Complaint. (*See* Doc. 57-1 at pp. 9—10). That request is denied.

"Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). However, "Rule 16(b) governs the amendment of pleadings 'after a

---

[3] Nowhere also does Plaintiffs' Second Amended Complaint distinguish the policies and procedures *of the East Baton Rouge Parish City Government* from those of the Baton Rouge City Police Department or Prison Medical Services. *See* Doc. 6 at ¶ 2 B, D, K.

scheduling order's deadline to amend has expired.'" *Id.* (quoting *Fahim v. Marriott Hotel Servs., Inc.,* 551 F.3d 344, 348 (5th Cir. 2008)).

    The deadline to amend in this case was June 19, 2015. (*See* Doc. 53 at p. 2, ¶ C). Plaintiffs may therefore only amend "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" requires Plaintiffs to show that, despite their diligence, they could not have reasonably met the June 19, 2015 deadline. *See Fahim*, 551 F.3d at 348. Four factors guide this inquiry: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

    Here, Plaintiffs "have not only failed to meet the good cause standard required under Rule 16(b)(4) . . . , they have not even addressed" the aforementioned four part test. *Wachovia Bank, Nat. Ass'n. v. Schlegel*, No. 3:09-CV-1322-D, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010). The Court nonetheless finds that it would be fundamentally unfair to allow Plaintiffs to re-plead facts that have not changed in the more than two-years since the filing of Plaintiffs' original complaint. (*See* Doc. 1). Such would require the Court "to consider another round of dispositive motions" and would require Defendants to incur additional costs. *See Grant v. City of Houston*, 625 F. App'x 670, 679 (5th Cir. 2015). Given that Plaintiffs "do not (and cannot) argue that they were unable to seek leave to amend at an earlier time," *see Schlegel*, 2010 WL 2671316 at *3, the Court finds that a fourth bite at the apple is unwarranted, *cf. Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir.

7

2014) (holding that the district court did not abuse its discretion in denying plaintiff leave to file a third amended complaint pursuant to Rule 15(a)).

Accordingly, Plaintiffs' request to file what would be a Third Amended Complaint is **DENIED**.

## IV.   CONCLUSION

**IT IS ORDERED** that Defendants' **Motion for Judgement on the Pleadings (Doc. 56)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' request for leave to amend is **DENIED**.

**IT IS FURTHER ORDERED** that all state and federal claims asserted against Officer Heather Anderson are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all state and federal claims asserted against the Baton Rouge City Police Department are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' Fourteenth Amendment claim against the East Baton Rouge Parish City Government is **DISMISSED WITH PREJUDICE**. However, Plaintiffs' ADA, RA, and state law claims against the East Baton Rouge Parish City Government remain pending before this Court. *See* p. 2 n.2.

Baton Rouge, Louisiana, this __21ˢᵀ__ day of June, 2016.

_____

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**